IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WORKING CHEMICAL SOLUTIONS,
INC. and ROBERT C. SMITH                                              PLAINTIFFS


VS.                                      CASE NO. 08-CV-1019


ENVIRONMENTAL SCIENCE
TECHNOLOGIES, LLC, HANK PARKER,
ROBERT E. HULSLANDER, JR.,
and IVAN HAWTHORNE                                                    DEFENDANTS


## ORDER

Before the Court is a Motion to Dismiss or in the Alternative to Transfer Venue or to Stay

Pending Arbitration  filed on behalf of Defendants, Environmental Science Technologies, LLC,

Hank Parker, Robert E. Hulslander, Jr., and Ivan Hawthorn. (Doc. 2). Plaintiffs, Working

Chemical Solutions, Inc., and Robert C. Smith have responded. (Doc. 5). The Court finds this

matter ripe for consideration.

## BACKGROUND

Plaintiffs, Working Chemical Solutions, Inc. ("WCS") and Robert C. Smith, entered a Sale

and Purchase Agreement and Guaranty Release ("Agreement") with Defendant, Environmental

Science Technologies, LLC ("EST"), on or about December 29, 2006.[1] The Agreement was for the

sale of the right, title, and interest in the confidential information and formula for a deer-attractant

product from WCS to EST. The Agreement includes  a forum selection clause naming the Western

---

[1] Defendant Robert E. Hulslander, Jr. signed the Agreement in his capacity as President of
EST and not in his personal capacity. Defendants Hank Parker and Ivan Hawthorne were not parties
to the Agreement.

District of North Carolina as the proper venue, and an arbitration clause. (Doc. 2-2).

Plaintiffs claim that Defendants made false statements that Plaintiff Smith "has no ethics and could not be trusted." (Doc. 1) Plaintiffs also claim that Defendants made statements to others at various major trade shows in the industry that Plaintiffs are under a non-compete clause. Finally, Plaintiffs claim that they had a business expectancy with EBSCO Industries, Inc., Plastic Research and Development Corporation, and PRADCO Outdoor Brands, and that Defendants provided these companies with redacted copies of the Agreement, as well as making statements regarding the trustworthiness of Plaintiff Smith. (Doc. 1).

Plaintiffs filed their Complaint in this Court on March 31, 2008, seeking a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq*., for a declaration of rights, status and other obligations under the sections of the Agreement regarding "Confidential Information," "Formula," and "Agreement not to Compete." In addition, Plaintiffs also claim in their Complaint two tort actions, defamation and tortious interference with business expectancy against all Defendants. (Doc. 1).

Defendants then filed a Motion to Dismiss or in the alternative to Transfer Venue or to Stay Pending Arbitration. (Doc. 3). Defendants assert that all of Plaintiffs' claims should be dismissed because Plaintiffs failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) based on the existence of the arbitration clause. Defendants assert in the alternative, that the Court should transfer venue because the Western District of Arkansas is not the  proper venue for this action. Defendants also asserts in the alternative, to have the Court stay these proceedings pending arbitration pursuant to the arbitration clause contained in the Agreement.

## DISCUSSION

There are several issues before the Court, but before considering any of these issues the Court must first determine whether it is the proper venue for Plaintiffs' claims. Plaintiffs assert that the tort claims of defamation and tortious interference with business expectancy are outside the scope of the forum selection clause and that this Court is the proper venue for these claims. Plaintiffs concede that their declaratory judgment is within the scope of the forum selection clause, but assert this Court is the proper venue to make the declaratory judgment if it keeps the tort claims and for convenience reasons. In addition, Plaintiffs assert that the three individual Defendants, Hank Parker, Robert E. Hulslander, Jr., and Ivan Hawthorne ("Individual Defendants"), were not parties to the Agreement and therefore cannot enforce the forum selection clause.

### A) Forum Selection Clause

The Court first addresses whether Plaintiffs' claims against Defendant, EST, are covered by the forum selection clause in the Agreement. Both parties agree that as a general matter forum selection clauses are enforceable unless they are unjust, unreasonable, or invalid. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Defendants argue that this Court is an improper venue for Plaintiffs' claims based on the assertion that the forum selection clause in the Agreement is prima facie valid and should be enforced unless it is unjust, unreasonable, or invalid. Plaintiffs, however, do not assert that the forum selection clause is unjust, unreasonable, or invalid. Instead, it is Plaintiffs' position that its tort claims are not within the scope of the forum selection clause, and therefore this Court is the proper venue for the tort claims. Before this Court can even consider the forum selection clause in its transfer analysis, it must first decide whether the clause applies to the tort claims asserted by Plaintiffs. *Terra Intern. Inc.*, *v. Mississippi Chemical*

3

*Corp.,* 119 F.3d 688, 692 (8th Cir. 1997). The forum selection clause in the Agreement reads in pertinent part:

> "...the sole and exclusive court in which there shall be subject matter jurisdiction and venue *with respect to this Agreement or the matters and rights addressed hereby*, and the sole and exclusive court which may assert personal jurisdiction over the parties to this Agreement with respect hereto shall be the United States District Court for the Western District of North Carolina or, in the event there is not subject matter jurisdiction therein, in such other court as may have proper jurisdiction and venue."

(Doc. 2.2) (emphasis added).

Plaintiffs interpret this clause to only apply to matters and rights addressed by the agreement or arising out of the Agreement.[2] Plaintiff goes on to assert that the Eighth Circuit has adopted the First Circuit test for determining whether tort claims fall within the scope of a forum selection clause in *Terra International*. The Court does not agree with Plaintiff that the Eighth Circuit has adopted the First Circuit test outright. Instead, the *Terra* Court holds that determining the scope of a forum selection clause is a "rather case-specific exercise." 119 F.3d at 694. The Court goes on to discuss three rules applied by other circuits in determining whether a forum selection clause applies to a tort claim, finding that the rules from the First and Third Circuits are general rules to be applied depending on the facts of the case at issue. *See id.* The Court did apply the First Circuit test in *Terra*, but not in a manner that leads this Court to believe that the Eighth Circuit adopted it instead of the Third Circuit test. Instead, it is more logical from the analysis of the *Terra* Court that it chose to apply the First Circuit test because it was most applicable to the facts of that particular case.

---

[2]Defendants made no reply to Plaintiffs' Response in opposition of Plaintiffs's interpretation of the forum selection clause therefore the Court continues its analysis on the basis that both parties agree this is the correct interpretation of the clause. For this reason, the Court will not address the technicalities of contract interpretation at this point.

Therefore, this Court's interpretation of *Terra* is that the Eighth Circuit announced two general rules for determining whether tort claims are covered by forum selection clauses, and the rules are to be applied on a fact specific basis.

In this case, the Court finds that the Third Circuit test is the most applicable to the facts before it. The Third Circuit has stated that where tort claims "ultimately depend on the existence of a contractual relationship" between the parties, such claims are covered by a contractually-based forum selection clause. *Id.* at 694. The Court finds that Plaintiffs' tort claims depend on the existence of the contractual relationship between the parties. To prove defamation and interference with business expectancy, the Plaintiff will need the Court to interpret the contract. Both of the tort claims arise out of matters addressed by the Agreement or a breach of the Agreement. Therefore, the Court finds that, under the Third Circuit test, Plaintiffs' tort claims are within the scope of the forum selection clause.

Even if the Court applied the First Circuit test, as the *Terra* Court did, the outcome would be the same. The First Circuit test states that "contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties." *Id.* at 694 (8th Cir. 1997) (quoting *Lambert v. Kysar,* 983 F.2d 1110, 1121-22 (1st Cir. 1993)). While Plaintiffs' claims of defamation and tortious interference with business expectancy do not have obvious parallels in contract claims they do arise out of the "same operative facts" as a breach of contract claim would. *Id.* at 694 (quoting *Lambert v. Kysar,* 983 F.2d 1110, 1121-22 (1st Cir. 1993). For example, both tort claims arise out of facts relating to the non-compete clause in the Agreement, and a breach of contract claim would arise out of these same facts. In addition, Plaintiff seeks a declaratory judgement from this Court regarding definitions of terms and

clauses in the Agreement. This convinces the Court that these tort claims arose out of the same operative facts as a contract claim regarding this Agreement. Thus, the Court finds that, applying either the First or Third Circuit test, Plaintiffs' tort claims against Defendant EST are within the scope of the forum selection clause of the Agreement.

B) Proper Venue

The Court now must determine whether it is the proper venue for this action, or whether it should transfer the action to the Western District of North Carolina.[3] Pursuant to 28 U.S.C. § 1404(a), the Court may transfer this civil action to any other district or division where it might have been brought for the convenience of the parties and witnesses, and in the interest of justice. However, the Court is not limited to only the above three factors in determining whether a transfer is proper; instead, the Court must "weigh in the balance a number of case-specific factors." *Stewart Organizatio, Inc., v. Ricoh Corp.,* 487 U.S. 22, 28, 108 S.Ct. 2239, 2244 (1988). The Court must consider the convenience of the parties, the convenience of the witnesses, the interest of justice and all other relevant factors regarding the transfer. *See Terra Intern.,* 119 F.3d 688, 691 (8th Cir. 1997). Federal courts give considerable deference to a Plaintiff's choice of forum and therefore, "the party seeking the transfer under 28 U.S.C. § 1404 typically bears the burden of proving that a transfer is warranted." *Id.* at 695. Lastly, a valid and applicable forum selection clause in a contract is a significant factor that figures centrally in this Court's consideration. *Id.* at 691.

───────────────

[3] By "action" the Court is referring to the declaratory judgment, and the two tort claims of defamation and tortious interference with business expectancy.  Plaintiffs concede that the declaratory judgment is within the scope of the forum selection clause but asserts that it is proper in this Court for convenience reasons if the tort claims are heard by this Court.

6

## 1) EST Defendant

The Court first addresses Plaintiffs' claims against Defendant EST. Considering all arguments regarding whether venue was proper in this Court for Plaintiffs' tort claims, including as discussed above the forum selection clause in the Agreement, the Court finds as follows: (1) Plaintiffs' tort claims are subject to the forum selection clause in the Agreement; (2) Plaintiffs' declaratory judgment is subject to the forum selection clause in the Agreement; (3) Plaintiffs do not allege that the torts occurred in Arkansas; and (4) there is pending litigation (filed subsequently to this action) regarding the same operative facts in the Western District of North Carolina. The Court also notes that Plaintiffs' chosen venue receives deference and that three of the parties reside or have their principle place of business within 100 miles of this Court.

The Court finds that all relevant factors, taken in totality, favor transferring Plaintiffs' declaratory judgment and tort claims against EST to the Western District of North Carolina. As the Court has already stated, all of Plaintiffs' causes of action against EST are covered by the forum selection clause, and the Court is to consider this as a significant factor in determining proper venue. *Id.* There is no evidence in the record to indicate that the torts at issue even occurred in Arkansas. Plaintiffs will be litigating in the Western District of North Carolina on the breach of contract case filed by Defendant EST. The Court finds it will not be any less convenient for Plaintiffs to litigate both cases in North Carolina as they will involve the same evidence and witnesses.[4] Thus, the Court

---

[4] The Court notes that it is not recognizing a convenience that was simply created by Defendant by filing a cause of action in the Western District of North Carolina, but instead Plaintiff agreed through the forum selection clause in the Agreement that the Western District of North Carolina was the proper venue for all litigation regarding matters addressed by the Agreement. Therefore, Defendants filing the breach of contract action in North Carolina was proper and not an attempt to inconvenience Plaintiff. The Court is recognizing the practicality of the matter that it

finds that the Western District of North Carolina is the proper venue for Plaintiffs' declaratory judgment and tort claims against Defendant, Environmental Science Technologies, LLC.

2) Individual Defendants

Now the Court must consider whether Plaintiffs' claims against the Individual Defendants are subject to the forum selection clause. Plaintiffs assert that the Individual Defendants cannot enforce the forum selection clause, because they were not parties to the Agreement. Nevertheless, the Court finds that Plaintiffs' claims against the Individual Defendants should also be transferred to the Western District of North Carolina for the same reasons as discussed above. In addition, the same evidence and witnesses will be needed to prove Plaintiffs' tort claims against the Individual Defendants as against EST, and the same legal issues will need to be determined as to all Defendants as well. Thus, the Court finds it would be more efficient to have all of Plaintiffs' claims tried together in the Western District of North Carolina. Therefore, the Court transfers Plaintiffs' claims against the Individual Defendants to the Western District of North Carolina.[5]

## CONCLUSION

For the convenience of the parties and witnesses and in the interest of justice, the Court finds that the proper venue for Plaintiffs' declaratory judgment and tort claims against Defendants, Environmental Science Technologies, LLC, Hank Parker, Robert E. Hulslander, Jr., and Ivan Hawthorne is in the Western District of North Carolina rather than the Western District of Arkansas. *See* 28 U.S.C. § 1404. Defendants, Environmental Science Technologies, LLC, Hank Parker, Robert

---

would not be any more inconvenient for Plaintiffs to litigate this matter there as well.

[5]Because the Court finds that it is not the proper venue, it does not reach the issue of arbitration.

E. Hulslander, Jr., and Ivan Hawthorne's, Motion to Transfer Venue is **GRANTED**. The Clerk of the Court is hereby directed to take all necessary steps to have this matter transferred to the Western District of North Carolina.

      **IT IS SO ORDERED,** this 20th day of November, 2008.


                                              _____/s/ Harry F. Barnes_____
                                              Hon. Harry F. Barnes
                                              United States District Judge